**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SHUKRI HAMAAD,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**JOHN T. TSOUKARIS, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-10287 (SDW)**<br><br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Shukri Hamaad, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a noncitizen who has lived in the United States since 1993. (ECF No. 1 at 6).

3. Petitioner was arrested on June 24, 2026 in North Bergen, New Jersey and charged with third-degree terroristic threats, N.J.S.A. § 2C:12-3(b); and fourth-degree criminal sexual contact, N.J.S.A. § 2C:14-3(b). (ECF No. 5 at 2).

4. Respondents argue that Petitioner is properly detained pursuant to 8 U.S.C. § 1226(c) or, in the alternative, pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*).

5. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

7. The Laken Riley Act amended § 1226(c) to mandate detention of noncitizens who are inadmissible and are charged with, or arrested for, "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).[1]

8. Petitioner has been charged with terroristic threats and criminal sexual contact. (ECF No. 5 at 2). Neither of these charges are named offenses in the Laken Riley Act.

9. Under New Jersey law, a person is guilty of third-degree terroristic threats "if he threatens to kill another with the purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out." N.J.S.A. § 2C:12-3(b).

10. A threat to kill a person is different from causing a person's death. Therefore, the terroristic threats charge does not mandate Petitioner's detention. *See Lopez v. McShane*, No. 26-cv-0771, 2026 WL 767779, at *3 (E.D. Pa. Mar. 18, 2026) ("The Government concedes that the

[1] Section 1226(e), which deprives district courts of jurisdiction over "[t]he Attorney General's discretionary judgment regarding the application of this section," does not strip this Court of jurisdiction because "[i]f § 1226(c) governs, then petitioner's detention is mandatory. There is no exercise of discretion." *Barrera v. Delaney Hall Det. Facility Warden*, No. 26-cv-4252, 2026 WL 1493775, at *1 (D.N.J. May 28, 2026). "[L]egal interpretation, ... has been, 'emphatically,' 'the province and duty of the judicial department' for at least 221 years." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Marbury v. Madison*, 1 Cranch 137, 177, 2 L. Ed. 60 (1803)).

list of crimes that would subject an individual who is inadmissible to mandatory detention under the Laken Riley Act does not include attempt offenses.")

11. Criminal sexual contact does not require the alleged perpetrator to have caused serious bodily injury.[2] N.J.S.A §§ 2C:14-2(c)(1)-(5), 14-3(b).

12. Therefore, this Court concludes that § 1226(c) does not require Petitioner's mandatory detention.

13. Respondents argue in the alternative that Petitioner's detention is required by 8 U.S.C. § 1225(b)(2). (ECF No. 5 at 2).

14. This Court concludes that Petitioner is being unlawfully detained under § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under § 1226(a), which requires an opportunity to seek bond.[3] *See Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323, *3-4 (D.N.J. Oct. 28, 2025); *see also Barbosa da Cunha v. Freden*, 175 F.4th 61, 84-85 (2d Cir. 2026); *but see Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted [noncitizens] already present inside the United States"); *Buenrostro-Mendez v.*

---

[2] New Jersey defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." N.J.S.A § 2C:14-1(d); *see also* 8 U.S.C. § 1226(c)(2) ("For purposes of paragraph (1)(E), … 'serious bodily injury' [has] the meanings given … in the jurisdiction in which the acts occurred.")

[3] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action. *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

*Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[4]

15. Therefore, this Court will grant the Petition and order Respondents to treat Petitioner as detained under § 1226(a) and provide him with an individualized bond hearing.

16. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

[4] *Avila* and *Buenrostro-Mendez* are not binding authority, and this Court is unpersuaded by their reasoning for many of the reasons articulated in the dissenting opinions, including that the panels' interpretation risks rendering significant portions of the statutory scheme superfluous and internally inconsistent. *See Avila*, 170 F.4th at 1138-40 (Erickson, J., dissenting); *Buenrostro-Mendez*, 166 F.4th at 510 (Douglas, J., dissenting).